## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## FORT WORTH DIVISION

| | |
|---|---|
| MARTHA KIBLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| TARRANT COUNTY, TEXAS; and | ) |
| HONORABLE RUSS CASEY, TARRANT | ) |
| COUNTY JUSTICE OF THE PEACE, PCT. 3, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFF'S COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff Martha Kibler, in the above-styled cause, complaining of Tarrant County, Texas ("Tarrant County"), and Honorable Russ Casey, Tarrant County Justice of the Peace for Precinct 3 ("Casey"), individually, in this Complaint and would respectfully show the Court as follows:

### I. NATURE OF THE ACTION

1.1.    This claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et. seq. and Chapter 21 of the Texas Labor Code, which prohibit employers from discriminating against the employee on the basis of their sex, engaging in sexual harassment, or retaliating against an employee for reporting a violation of prohibited conduct. This case is further brought to redress the deprivation, under color of state law, ordinance, regulation, and

custom or usage, of rights, privileges and immunities secured to Plaintiff under the First and

Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

## II. PARTIES

2.1.    Plaintiff Martha Kibler (hereinafter "Kibler" or "Plaintiff") is an individual and a

resident of Tarrant County, Texas.

2.2.    At all relevant times, Defendant Tarrant County, (hereinafter "Tarrant County" or

"Defendant") is a governmental body within the State of Texas.  Process may be served on Tarrant

County by serving the Tarrant County Commissioners Court, Tarrant County Administration

Building, 100 East Weatherford, Room 502A, Fort Worth, TX 76196.

2.3.    Individual Defendant, Russ Casey, (hereinafter "Casey" or "Defendant") is being

sued herein in his individual capacity only.  Casey is the Tarrant County Justice of the Peace for

Precinct 3. Said Defendant is responsible, as Justice of the Peace, for the conduct of the

administrators in his employ and ensuring that his employees, servants and agents obey the laws

of the State of Texas and the United States.

2.4.    At all relevant times of the claims of deprivation of civil rights, Defendant employed

over 500 employees.

## III.    JURISDICTION AND VENUE

3.1.    This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1331 and 28 U.S.C. § 1367(a). The action arises under, and is brought pursuant to, the

Constitution and laws of the United States.

3.2.    The Court also has jurisdiction to hear this matter under the Texas Commission on

Human Rights Act ("TCHRA"), which expressly waives sovereign immunity otherwise enjoyed by

Texas municipalities for lawsuits involving employment discrimination and retaliation. Similarly,

2

sovereign immunity is abrogated by 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1983, which allow direct claims against municipalities for unconstitutional policies and practices.

3.3.    Plaintiff Martha Kibler has exhausted her administrative remedies by filing a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division (TWCCRD) and the Equal Employment Opportunity Commission (EEOC) on December 3, 2014. The EEOC issued Plaintiff a Notice of Right to Sue on July 31, 2015.  See Exhibit A, attached hereto. The TWCCRD issued Plaintiff a Notice of Right to Sue on July 31, 2015.  See Exhibit B attached hereto.

3.4.    Venue is proper in the District Court for the Northern District of Texas, Fort Worth Division, pursuant to 42 U.S.C. § 2000e(5) because it is the district in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, and the judicial district in which the aggrieved persons work or would have worked but for the alleged unlawful employment practice. Venue is further proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.    NATURE OF THE CLAIM

4.1.    This lawsuit is brought by Plaintiff Martha Kibler against the Defendants. Plaintiff seeks declaratory, injunctive, and other equitable relief, and punitive damages, based on Defendant' actions, while acting under color of law, that caused a continuing deprivation of rights accorded to the Plaintiff under 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 *et seq.* ("TCHRA").

4.2.     Additionally, Plaintiff seeks declaratory, injunctive and other equitable relief, and compensatory and punitive damages based on Defendants' sexual harassment, discrimination and retaliation against her in violation of Section 1983, the TCHRA and Title VII.

4.3.     Additionally, Plaintiff seeks punitive damages against Judge Casey based on Defendant's sexual harassment, discrimination and retaliation against her in violation of Section 1983, the TCHRA and Title VII.

4.4.     The discrimination faced by the Plaintiff and others similarly situated within Tarrant County represents a department-wide unconstitutional practice, policy and custom in deliberate indifference to the rights of female employees, rather than a series of isolated incidents. Defendants' written and unwritten policies and practices regarding evaluation compensation, promotion, training, disciplining, supervising, the availability of opportunities, and the workplace environment subjected the Plaintiff to ongoing disparate treatment as well as discrimination, harassment and retaliation. Defendants' actions constitute a continuing violation of the rights of the Plaintiff and have been ongoing since December 2009.

## V.     FACTUAL BACKGROUND

5.1.     Martha Kibler worked as a Court Manager for Tarrant County, Texas for twenty-two (22) years until she was wrongfully terminated by Defendant Casey on August 22, 2014, after refusing to perform oral sex on Judge Casey once again, refusing to touch Judge Casey's penis again, and objecting to being subjected to known, accepted and perverse sexual harassment.

5.2.     As proven by the length of her tenure of 22 years with Defendant Tarrant County, Kibler was an excellent employee and served the Court and the people of Tarrant County exceptionally well.

4

5.3.    In or around January 2007, Kibler began working under Defendant Judge Casey, an elected Tarrant County Justice of the Peace for Precinct 3.   Defendant Judge Casey was supervised and salaried by Defendant Tarrant County.

5.4.    On or about December 2009, Kibler suffered the first instance of sexual harassment by Judge Casey, during work hours and in his office located at the Tarrant County, Texas courthouse.   When Kibler walked into his office to repay a small, personal loan Judge Casey had given her to repair her vehicle, Judge Casey leaned back in his chair, unzipped his pants in front of Kibler, and exposed his penis to Kibler.   Judge Casey informed Kibler that he was not interested in her money and instead he grabbed his penis and told Kibler to perform oral sex.   After Kibler said "no" and that she could not do that for Judge Casey, Judge Casey responded that he was good to her, had loaned her money and kept her employed and thus she had better return the favor.   Kibler complied and performed oral sex on Judge Casey.

5.5.    Kibler was the sole provider for her family, and already suffering financially at that time, which Judge Casey knew, and thus she complied.   Horrifically, this instance began a pattern of sexual harassment and physical abuse that lasted five (5) years, wherein Judge Casey threatened Kibler's job security on a daily basis.   Judge Casey would often yell at Kibler if she refused to perform oral sex on him.   Not only did Judge Casey demand sexual intercourse *and* oral sex, but he only demanded these acts during work hours, at the office locations, or at work conferences.

5.6.    During the 5 years of sexual harassment, Judge Casey would expose himself to Kibler in his Court and office, he would lock the door to his office, and he would force her to put her hands on his genitals, give him oral sex and/or have sex with him.

5.7.     On occasion, Judge Casey would even request that Kibler provide him with oral sex while he was wearing his judicial robe**.**

5.8.     From December 2009 to August 5, 2014, Kibler was forced to performed oral sex on Judge Casey at least 20 times. In all instances, the only reason Kibler would engage in oral sex was because Judge Casey, either expressly or impliedly, threatened to terminate her employment if she did not perform the sexual favors that Judge Casey demanded.  Also during that time period, Judge Casey tried to have sex with Kibler on three different occasions.  One time, Judge Casey was unable to perform.  However, the other two times, Judge Case had sexual intercourse with Kibler.

5.9.     Kibler **never** kissed Judge Casey on the lips.  Kibler **never** interacted with Judge Casey on a personal level.  Kibler **never** talked to Judge Casey outside of work and/or work related events.  Kibler did not like Judge Casey on a personal or professional level.  Kibler was terrified of Judge Casey and the power he wielded.

5.10.    Also during that same period of time, Kibler witnessed the Judge as he harassed the female clerks working under him.  Judge Casey would predominantly hire very young and attractive females to work for him in his court.  On several occasions, Kibler asked Judge Casey to stop sexually harassing her co-workers.  Judge Casey would retaliate harshly against Kibler whenever she complained to him about his harassment by yelling at her, forcing her to do more sexual favors, and calling her an "old bitch" in front of the staff.

5.11.    Kibler complained to Tarrant County Human Resources two (2) different times via telephone calls in or about 2012 and 2013 about both Judge Casey's sexual harassment of Kibler and Judge Casey's increasingly pervasive sexual harassment of the other female employees in his courtroom.  In both instances she spoke to a female Tarrant County Human

Resources representative.  Regarding the human resources representative who took the report in or about 2012, she did not offer any assistance or follow up with Kibler in any way.  Regarding the human resources representative she spoke to in or about 2013, she informed Kibler that because "Judge Casey is an elected official, that there is nothing Tarrant County can do." Throughout the 5 years of harassment, Kibler also complained to some of the other Judges, the courtroom bailiff and other Tarrant County supervising employees about the harassment that she and her co-workers were suffering at the hands of Judge Casey.

5.12.   So vile was the act of performing oral sex on Judge Casey, Kibler would often vomit minutes after the act.  She distinctly remembers the smell of urine in and around his genitalia area, which further caused Kibler to suffer both physically and emotionally.

5.13.   On at least one occasion, Judge Casey demanded oral sex from Kibler and then grew angry with her when he could not become aroused.  In other instances, when Kibler was able to escape Judge Casey's advances, he would often yell at Kibler in front of other employees. Kibler's co-workers all witnessed such instances of Judge Casey screaming at Kibler, seemingly unprovoked.

5.14.   Over the 5 years of harassment and abuse, Judge Casey's sexual harassment escalated.  In December 2013, after Kibler's only son passed away, Kibler told Judge Casey that she needed to keep her job but she did not want to have to keep performing sexual acts upon Judge Casey because she felt like her son was watching from heaven.  Judge Casey refused to take no for an answer and continued to threaten Kibler and her employment if she did not continue to perform oral sex on him and comply with his sexual demands.

5.15.   On August 5, 2014, Kibler again refused to perform oral sex on Judge Casey during work hours and in his office.  In response, Judge Casey locked the door, exposed his penis

to Kibler and forced Kibler's hand onto his penis.  Judge Casey once again attempted to force Kibler into giving him oral sex.  However, Kibler refused and tried to run out of the office door in order to escape Judge Casey's physical oppression.  Judge Casey had locked his office door, and thus it took her a few extra minutes to escape.

5.16.   After refusing his August 5, 2014 sexual demand and forcefully removing her hand from Judge Casey's penis and running, Kibler consciously avoided being alone in any way with Judge Casey. Then, only one week later, on or about August 15, 2014, Judge Casey asked Kibler for her work laptop computer and office keys, then told her she was fired.  Kibler begged Judge Casey for her job of twenty-two (22) years as her children and she were  financially dependent on the job. Judge Casey refused and screamed at her to leave the courtroom.

5.17.   Kibler proceeded to Tarrant County Human Resources and explained that Judge Casey had fired her.  Tarrant County Human Resources placed Kibler on administrative leave with pay, and proceeded to investigate Kibler in order to justify the termination for Judge Casey. Tarrant County Human Resources contacted Plaintiff in order to have her return to the Tarrant County Human Resources department the following Monday to sign a letter written by, typed and approved by Defendant Tarrant County.  This letter informed Plaintiff that she was being removed from her employment as Court Manager under Defendant Judge Casey and was being placed on "administrative leave" with pay.  She was instructed not to leave her house as Plaintiff was told to be "on call" and able to be at the Tarrant County Courthouse within a certain amount of time as requested.  This was an administrative leave term of five (5) months.

5.18.   Kibler was such an exemplary employee that in Judge Casey's last appraisal of Kibler, completed at the end of 2013, he stated that Kibler was "*loyal*," "*intelligent*," "*dependable*," and "*trustworthy*." Thus, Judge Casey was in a predicament to try and legitimize

his pretextual termination of Kibler.  Judge Casey himself then initiated a meritless investigation into Kibler's employment with Tarrant County in an attempt to complete Kibler's termination quickly.  Judge Casey did this in an effort to intimidate Kibler and to keep her silent with regards to Judge Casey's sexual harassment and abuse towards her and other female clerks in his office.

5.19.   On August 22, 2014, Kibler met with Tarrant County's civil service department and provided Tina Glenn, Tarrant County Human Resources Director, with the full account of the sexual abuse she had suffered at the hands of Judge Casey and her fear for her physical safety.  As proof, Kibler also provided Tarrant County with a dress and blouse she owned which possessed Judge Casey's dried semen from Kibler's most recent act of performing oral sex on Judge Casey.

5.20.   From 2011 through the time of her termination by Judge Casey, Kibler complained to several Tarrant County supervisors and human resources representatives about Judge Casey's sexually aggressive behavior and his retaliatory actions against both Kibler and the other female employees under Judge Casey in his court.  These Tarrant County employees and supervisors include, but are not limited to two (2) female Human Resources representatives, along with Judge Prindle, Belinda McCleod, and John Stanovich.

5.21.   Inconceivably, Tarrant County did not investigate Judge Casey at any time, and it was Tarrant County's negligence that allowed Judge Casey to continue his behavior sexually harass, intimidate and retaliate against Kibler and her female co-workers.  Kibler was the victim of all of these actions and furthermore, was terminated from the employer she had honorably and dutifully served since 1992.

5.22.   There are also a number of witnesses employed by Defendant Tarrant County who are aware of how Judge Casey subjected Kibler and her female co-workers to his sexual

harassment and advances.  A short list of these witnesses include: (1) Judge Sandy Prindle (Retired); (2) Shelly Ables, Court Manager of Precinct 6; (3) Judge Jacquelyn Wright, Precinct 4; and (4) Judge Fred W. Davis, (Retired).

## VI.   CAUSES OF ACTION

**COUNT I:** **Sexual Harassment and Sexually Hostile Work Environment in violation of Title VII - 42 U.S.C. §2000e et. seq.**
**(Against all Defendants)**

6.1.    Plaintiff realleges and incorporates by reference all allegations set forth in all of the above paragraphs of this complaint.

6.2.    As discussed in more detail *supra*, Plaintiff alleges that Defendants Tarrant County and Judge Casey as Plaintiff's employer subjected her to sexual harassment, sexual assault, and a sexually hostile work environment in violation of § 42 U.S.C. § 2000e-2 et seq..

6.3.    Plaintiff Kibler is a member of a protected class - female. As discussed in more detail in Section V., *supra*, Plaintiff was subjected to unwelcome physical, verbal and assaultive conduct of a sexual nature, which continued between approximately December 2009 and August 2014, when Judge Casey terminated Kibler.

6.4.    Plaintiff would not have been subjected to the harassment but for her sex, as evidenced by the type of sexual acts she was forced to perform, and the remarks and the conduct directed towards her.

6.5.    Plaintiff Kibler was an excellent employee for Defendant Tarrant County, Texas where she was employed since 1992, as a Court Manager.  During her twenty-two (22) year career, she was never disciplined, nor was she reprimanded, and she had every reason to believe she would retire as a Tarrant County Court Manager.

6.6.     The harassment of which Plaintiff complains was severe and pervasive and altered the terms and conditions of her employment and created a hostile and abusive work environment.

6.7.     On more than one occasion, Plaintiff complained of such harassment to human resources, supervisors and other management employees. Defendants knew or should have known about the harassment and failed to take prompt remedial action and the sexual abuse, harassment and sexually hostile work environment continued unabated until Plaintiff was terminated and forced out of her position.

6.8.     As discussed in more detail in Section V., *supra*, Defendants failed to exercise reasonable care to prevent the aforementioned and described sexual harassment and sexually hostile work environment from occurring. Defendants further failed to exercise reasonable care to correct promptly the aforementioned and described sexually harassing behavior.

6.9.     Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT II**:     **Sexual Harassment, Quid Pro Quo in violation of Title VII - 42 U.S.C. §2000e et. seq.**
**(Against all Defendants)**

6.10.     Plaintiff realleges and incorporates by reference all allegations set forth in all above paragraphs of this complaint.

6.11.     As discussed in more detail *supra*, Plaintiff alleges that Defendants Tarrant County and Judge Casey as Plaintiff's employer subjected her to quid pro quo sexual harassment and sexual assault in violation of § 42 U.S.C. § 2000e-2 et seq..

6.12.     Plaintiff Kibler is a member of a protected class - female. As discussed in more detail in Section V., *supra*, Plaintiff was subjected to unwelcome, physical, verbal and assaultive

conduct of a sexual nature, which continued between approximately December 2009 and August 2014, when Judge Casey terminated Kibler.

6.13.   Plaintiff Kibler was an excellent employee for Defendant Tarrant County, Texas where she was employed since 1992, as a Court Manager.  During her twenty-two (22) year career, she was never disciplined, nor was she reprimanded, and she had every reason to believe she would retire as a Tarrant County Court Manager.

6.14.   Plaintiff Kibler was the victim of sexual harassment perpetrated by Defendant Casey in violation of Federal Law.  Specifically, Defendant Casey mandated that Plaintiff perform oral sex on him and have sex with him in order to keep her job with Tarrant County.  When she refused at times, Defendant Judge Casey threatened to terminate her, screamed obscenities at her in front of other staff, accused her of embezzlement, investigated her, and terminated her, all under the supervision of Defendant Tarrant County.

6.15.   Under Title VII, Plaintiff needs to show that she was subjected to unwelcome sexual advances that were sexually motivated because of her sex; and that her rejection of the advances caused plaintiff to suffer adverse employment actions.  *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79-80 (1998.)

6.16.   From December 2010 to August 5, 2014, Plaintiff begrudgingly performed oral sex on Defendant at least 20 times because Judge Casey threatened to terminate Plaintiff if she did not do as Defendant Casey demanded sexually.  During that same period, Plaintiff Kibler witnessed the Judge harass female clerks working under him.  On several occasions, Plaintiff asked Defendant Casey to stop sexually harassing her and her

co-workers.  Defendant Casey refused to take "no" for an answer and continued to threaten Kibler and her employment if she did not continue to perform oral sex on him.

6.17.   The harassment of which Plaintiff complains was severe and pervasive and altered the terms and conditions of her employment and created a hostile and abusive work environment.

6.18.   On more than one occasion, Plaintiff complained of such harassment to human resources, supervisors and other management employees. Defendants knew or should have known about the harassment and failed to take prompt remedial action and the sexual abuse, harassment and sexually hostile work environment continued unabated until Plaintiff was terminated and forced out of her position.

6.19.   As discussed in more detail in Section V., *supra*, Defendants failed to exercise reasonable care to prevent the aforementioned and described sexual harassment and sexually hostile work environment from occurring. Defendants further failed to exercise reasonable care to correct promptly the aforementioned and described sexually harassing behavior.

6.20.   Tarrant County Human Resources placed Plaintiff Kibler on administrative leave with full pay and benefits while she was being investigated.  To date, Kibler has been unable to resume her position, and thus has been constructively terminated from her Court Manager position as a direct result of refusing Defendant Judge Casey's sexual harassment and Defendant Tarrant County failing to act on her complaints.

6.21.   Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT III:**   **Retaliation in violation of Title VII - 42 U.S.C. §2000e et. seq.**
              **(Against All Defendants)**

6.22.   Plaintiff realleges and incorporates by reference all allegations set forth in all of the above paragraphs of this complaint.

6.23. As discussed in more detail *supra*, Plaintiff further alleges that Defendants Tarrant County and Judge Casey as Plaintiff's employer retaliated against her for engaging in protected activity in violation of 42 U.S.C. § 2000e-3(a) (i.e. reporting and objecting to sexual harassment and a sexually hostile work environment).

6.24.   Plaintiff opposed a discriminatory practice when she complained to human resources about sexual harassment and a sexually hostile work environment. In spite of performing her duties in a professional manner and following Defendants' policies, Plaintiff Kibler's complaints were ignored by Defendant Tarrant County, Plaintiff Kibler was terminated, and then Plaintiff Kibler was suspended with pay for 5 months and forced not to leave her house during that period because Plaintiff was told that she was "on call" and had to be at the Tarrant County Courthouse within a short amount of time when requested.  All of this occurred after Kibler provided human resources with the skirt and blouse of Judge Casey's semen proving that he had been sexually harassing Kibler.

6.25.   Plaintiff also opposed a discriminatory practice when she complained to Judge Casey about his sexual harassment of both herself and her female co-workers.  In spite of performing her duties in a professional manner and following Defendants' policies, Judge Casey cursed at Kibler in front of the staff, forced Kibler to engage in more sexual acts, terminated Kibler, alleged Kibler had embezzled money, and then initiated a fraudulent and meritless investigation into Kibler's job performance and employment after she was terminated.  All of this occurred after Kibler told Judge Casey to stop harassing both herself and her female co-workers.

6.26.   Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT IV:   Sexual Harassment and Sexually Hostile Work Environment in Violation of Texas Commission on Human Right Act**
**(Against Defendant Tarrant County Only)**

6.27.   Plaintiff realleges and incorporates by reference all allegations set forth in all of the above paragraphs of this complaint.

6.28.   As discussed in more detail *supra*, Plaintiff alleges that Defendants Tarrant County and Judge Casey as Plaintiff's employer subjected her to sexual harassment and a sexually hostile work environment in violation of Chapter 21 of the Texas Labor Code commonly referred to as the Texas Commission on Human Rights Act.

6.29.   Plaintiff Kibler is a member of a protected class -- female.  Plaintiff was subjected to unwelcome, physical, verbal and assaultive conduct of a sexual nature, which continued between approximately December 2009 and August 2014.

6.30.   Plaintiff would not have been subjected to the harassment but for her sex, evidenced by the type of sexual acts she was forced to perform, the remarks and the conduct directed towards her.

6.31.   The harassment of which Plaintiff complains was severe and pervasive and altered the terms and conditions of her employment and created a hostile and abusive work environment.

6.32.   On more than one occasion, Plaintiff complained of such harassment to Tarrant County Courthouse Human Resources and her supervisors.  Defendants knew or should have known about the harassment and failed to take prompt remedial action and the sexual harassment and sexually hostile work environment continued unabated until Plaintiff was terminated from her position on or about August 14, 2014.

6.33.   Defendants failed to exercise reasonable care to prevent the aforementioned and

described sexual harassment and sexually hostile work environment from occurring. Defendants further failed to exercise reasonable care to correct promptly the aforementioned and described sexually harassing behavior.

6.34.   Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT V:    Retaliation in Violation of Texas Commission on Human Right Act
(Against Defendant Tarrant County Only)**

6.35.   Plaintiff realleges and incorporates by reference all allegations set forth in all of the above paragraphs of this complaint.

6.36.   As discussed in more detail *supra*, Plaintiff Kibler further alleges that Defendants Tarrant County and Judge Casey as Plaintiff's employer retaliated against her for engaging in protected activity in violation of Chapter 21 of the Texas Labor Code commonly referred to as the Texas Commission on Human Rights Act (i.e. reporting and objecting to sexual harassment and a sexually hostile work environment).

6.37.   Plaintiff opposed a discriminatory practice when she complained to human resources about sexual harassment and a sexually hostile work environment. In spite of performing her duties in a professional manner and following Defendants' policies, Plaintiff Kibler's complaints were ignored by Defendant Tarrant County, Plaintiff Kibler was terminated, and then Plaintiff Kibler was suspended with pay for 5 months and forced not to leave her house during that period because Plaintiff was told that she was "on call" and had to be at the Tarrant County Courthouse within a short amount of time when requested.  All of this occurred after Kibler provided human resources with the skirt and blouse of Judge Casey's semen proving that he had been sexually harassing Kibler.

6.38.    Plaintiff also opposed a discriminatory practice when she complained to Judge Casey about his sexual harassment of both herself and her female co-workers.   In spite of performing her duties in a professional manner and following Defendants' policies, Judge Casey cursed at Kibler in front of the staff, forced Kibler to engage in more sexual acts, terminated Kibler, alleged Kibler had embezzled money, and then initiated a fraudulent and meritless investigation into Kibler's job performance and employment after she was terminated.   All of this occurred after Kibler told Judge Casey to stop harassing both herself and her female co-workers.

6.39.    Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT VI:    Violation of Due Process via 42 U.S.C. Section 1983 - The Fourteenth Amendment of the United States Constitution (Against all Defendants)**

6.40.    Plaintiff realleges and incorporates by reference all allegations set forth in all above paragraphs of this complaint.

6.41.    As discussed in more detail *supra*, Plaintiff alleges that Defendants Tarrant County and Judge Casey violated Plaintiff's right to due process in violation of the Fourteenth Amendment to the United States Constitution.

6.42.    Plaintiff alleges that her right to be free of state-occasioned damage to her bodily integrity was violated. Plaintiff further alleges that her individual liberty was violated by Defendants' conduct and/or failure to act.

6.43.    Defendant Tarrant County, though aware of sexual harassment, sexually hostile work environment and other transgressions including inappropriate physical touching and sex acts, failed to act to stop the sexual harassment, sexually hostile work environment and/or the other transgressions including inappropriate physical touching and sex acts.

6.44.   Defendant Tarrant County, is liable for acquiescing to and/or outright approving Defendant Judge Casey's unlawful actions and/or for allowing Defendant Judge Casey to act as the final policy maker without themselves properly overseeing the judicial precincts.

6.45.   Further, Defendant Tarrant County acted intentionally and/or were deliberately indifferent in their decision to not properly investigate prior complaints against Defendant Judge Casey, not properly disciplining Defendant Judge Casey for prior improper conduct, not properly supervising Defendant Judge Casey after being on notice of conduct problems including, but not limited to, prior acts of sexual harassment, and not properly training/retraining Defendant Judge Casey after being aware of the foregoing conduct.

6.46.   Defendant Tarrant County acted in deliberate indifference to the Constitutionally protected rights of Plaintiff when they failed to provide Defendant Judge Casey with training regarding sexual harassment, sex discrimination, and the proper manner for treating employees. Defendants then compounded this indifference by failing to supervise him and by failing to act promptly to prevent and/or stop sexual harassment and a sexually hostile work environment from occurring.

6.47.   Defendant Tarrant County knew or should have known that Defendant Judge Casey needed to be trained regarding appropriate versus inappropriate conduct in the workplace including sexual harassment and creating a sexually hostile work environment and Defendant Tarrant County knew or should have known of the need to properly supervise and monitor Defendant Judge Casey.

6.48.   The aforementioned deprivations were done under color of state law, ordinance, regulation, and custom or usage. Defendants are liable because their actions were committed while acting under color of state law. Defendants knew or should have known, and/or were

deliberately indifferent to, the violation of Plaintiff's rights by Defendant Judge Casey and other supervisors in Tarrant County.

6.49.    Defendant Judge Casey is liable for his own conduct described in detail *supra*.

6.50.    Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT VII:  Violation of the Equal Protection via 42 U.S.C. Section 1983 - The Fourteenth Amendment of the United States Constitution (Against all Defendants)**

6.51.    Plaintiff realleges and incorporates by reference all allegations set forth in all of the above paragraphs of this complaint.

6.52.    As discussed in more detail *supra*, Plaintiff alleges that Defendant Tarrant County and Judge Casey violated Plaintiff's rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff suffered unequal treatment and harassment based upon her gender.

6.53.    Defendant Tarrant County, though aware of sexual harassment, a sexually hostile work environment and other transgressions including inappropriate physical touching and sex acts, failed to act to stop the sexual harassment, sexually hostile work environment and/or the other transgressions including inappropriate physical touching and sex acts.

6.54.    Defendant Tarrant County, is liable for acquiescing to and/or outright approving Defendant Judge Casey's unlawful actions and/or for allowing Defendant Judge Casey to act as the final policy maker without themselves properly overseeing the judicial precincts.

6.55.    Further, Defendant Tarrant County acted intentionally and/or were deliberately indifferent in their decision to not properly investigate prior complaints against Defendant Judge Casey, not properly disciplining Defendant Judge Casey for prior improper conduct, not properly supervising Defendant Judge Casey after being on notice of conduct problems including, but not

limited to, prior acts of sexual harassment and not properly training/retraining Defendant Judge Casey after being aware of the foregoing conduct.

6.56.    Defendant Tarrant County acted in deliberate indifference to the Constitutionally protected rights of Plaintiff when they failed to provide Defendant Judge Casey with training regarding sexual harassment, sex discrimination, and the proper manner for treating employees. Defendants then compounded this indifference by failing to supervise him and by failing to act promptly to prevent and/or stop sexual harassment and a sexually hostile work environment from occurring.

6.57.    Defendant Tarrant County knew or should have known that Defendant Judge Casey needed to be trained regarding appropriate versus inappropriate conduct in the workplace including sexual harassment and creating a sexually hostile work environment and Defendant Tarrant County knew or should have known of the need to properly supervise and monitor Defendant Judge Casey.

6.58.    The aforementioned deprivations were done under color of state law, ordinance, regulation, and custom or usage. Defendants are liable because their actions were committed while acting under color of state law. Defendants knew or should have known, and/or were deliberately indifferent to, the violation of Plaintiff's rights by Defendant Judge Casey and other supervisors in Tarrant County.

6.59.    Defendant Judge Casey is liable for his own conduct described in detail *supra*.

6.60.    Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT VIII: Retaliation via 42 U.S.C. Section 1983 - The First Amendment of the United States Constitution**
**(Against all Defendants)**

6.61.    Plaintiff realleges and incorporates by reference all allegations set forth in all of

the above paragraphs of this complaint.

6.62.   As discussed in more detail supra, Plaintiff alleges that Defendant Tarrant County and Judge Casey violated Plaintiff's right to free speech guaranteed by the First Amendment to the United States Constitution.

6.63.   Plaintiff did the following: (1) made a report of sexual harassment; (2) she was terminated, suspended with pay, removed from her position, and accused of and investigated for embezzlement for making the report though performing her duties in a professional manner and following Defendants' policies and procedures. Plaintiff was terminated, suspended with pay, removed from her position, and accused of and investigated for embezzlement because she reported Defendant Judge Casey's conduct.

6.64.   The aforementioned adverse employment actions and harassment occurred because Plaintiff exercised her right to free speech on a matter of public concern under the United States Constitution.

6.65.   The aforementioned deprivations were done under color of state law, ordinance, regulation, and custom or usage. Defendants are liable because their actions were committed while acting under color of state law. Defendants knew or should have known, and/or were deliberately indifferent to, the violation of Plaintiff's rights by Defendant Judge Casey and other supervisors in Tarrant County.

6.66.   Further, Defendants approved and/or failed to stop the adverse employment act(s), failed to correct the adverse employment act(s) and/or condoned or acquiesced to the adverse employment act(s).

6.67.   Defendant Judge Casey is liable for his own conduct described in detail *supra*.

6.68.   Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT IX:   Intentional Infliction of Emotional Distress**
**(Against Defendant Judge Casey Only)**

6.69.   Plaintiff realleges and incorporates by reference all allegations set forth in all of the above paragraphs of this complaint.

6.70.   A plaintiff, in order to prevail on a claim for intentional infliction of emotional distress, must demonstrate, the conduct by the defendant must be "extreme" and "outrageous"; second, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and third, severe emotional distress must indeed occur as a result of defendant's conduct.

6.71.   As discussed in more detail *supra*, Plaintiff was forced to endure more than five (5) years of sexual harassment, including being humiliated, demeaned, tortured, and assaulted on a continuous basis as Judge Casey forced her to perform oral sex acts and have sexual intercourse with him at work.  Then, Judge Casey terminated Plaintiff from the position she held for twenty-two (22) years after she refused to continue the oral sex.  Such conduct is extreme and outrageous.

6.72.   Plaintiff suffered severe emotional distress, humiliation, anguish, and trauma as a result of Defendant's conduct.

6.73.   It is a fortiori that such conduct would cause emotional distress.

6.74.   Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT X:   Negligent Infliction of Emotional Distress**
**(Against Defendant Judge Casey Only)**

6.75.   Plaintiff realleges and incorporates by reference all allegations set forth in all of the above paragraphs of this complaint.

6.76.   Defendant Casey intentionally or recklessly caused Plaintiff Kibler emotional

distress by his outrageous conduct.

6.77.    Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress.   Plaintiff suffered damages for which Plaintiff herein sues. Defendant Casey knew or should have known that emotional distress was the likely result of the conduct described herein. The sexual abuse, harassment and discrimination described herein are extreme and outrageous, are beyond all possible bounds of decency and are utterly intolerable in a civilized community.

6.78.    The acts and omissions of the Defendant were the cause of Plaintiff Kibler's distress. The emotional distress sustained by the Plaintiff was severe and of a nature that no reasonable person could be expected to endure.

6.79.    Plaintiff requests relief as described in the Prayer for Relief below.

**<u>COUNT XI</u>:   Assault**
**(Against Defendant Judge Casey Only)**

6.80.    Plaintiff realleges and incorporates by reference all allegations set forth in all of the above paragraphs of this complaint.

6.81.    Plaintiff was touched inappropriately and without her consent by Defendant Judge Casey. Such conduct constitutes assault. Defendant Judge Casey is liable for the assaultive conduct. This conduct included but was not limited to sexual intercourse, oral sex, forcing Plaintiff's hand onto Defendant Judge Casey's penis, and otherwise inappropriately touching Plaintiff.

6.82.    As a result of Defendant Judge Casey's conduct, Plaintiff has suffered damages including mental anguish. Plaintiff seeks punitive and compensatory damages from Defendant Judge Casey for the harm inflicted as a result of the assault.

6.83.    Plaintiff requests relief as described in the Prayer for Relief below.

## VII.    CONDITIONS PRECEDENT

7.1.    All conditions precedent to bringing this lawsuit have occurred, been performed or are or have been waived such that this lawsuit is properly before this Court.

## VIII.    DAMAGES

8.1.    Plaintiff Kibler has suffered and continues to suffer damages in an exact amount to be proven at trial, but that are in excess of $250,000.

8.2.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

a.      Severe loss of earnings.

b.      Severe damage to earning capacity.

c.      Severe and continuing mental anguish in the past, present and future.

d.      Damage to pension and retirement benefits that will have a negative effect on the rest of her career and life.

e.      An additional amount as exemplary damages because the conduct of Defendants described above was taken and carried out with actual malice, ill will and spite toward Plaintiff, and the desire to inflict injury and damage upon Plaintiff without any cause or excuse; thus Plaintiff is entitled to recover exemplary and punitive damages to punish Defendants for their wrongful conduct and to prevent and deter others with similar inclinations from committing similar acts.

## IX.    ATTORNEYS' FEES

9.1.    It was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988, 42 U.S.C. 2000e-5 et seq, and 29 U.S.C. 209 sec. 107(a)(3).

## X.      JURY TRIAL

10.1.   Trial by jury is demanded.

## XI.      PRAYER

As a proximate cause of the foregoing, Plaintiff has suffered damages including but not limited to emotional pain and suffering; mental anguish and/or lost wages and seeks the following relief from Defendants:

a.      A declaration that the acts and practices complained of in this Complaint are in violation of Title VII of the Civil Rights Act of 1964, as amended, the Texas Commission on Human Rights Act, and the United States Constitution via 42 U.S.C. § 1983;

b.      An injunction permanently restraining these violations against all Defendants;

c.      An order directed at all Defendants specifically prohibiting further retaliatory actions against Plaintiff;

d.      Lost past wages and benefits from Defendant Tarrant County and Judge Casey, in his individual capacity, for violations of Title VII of the Civil Rights Act of 1964, as amended, and Texas Commission on Human Rights Act, as well as for the Constitutional violations;

e.      Lost future wages and benefits from Defendant Tarrant County and Judge Casey, in his individual capacity, for violations of Title VII of the Civil Rights Act of 1964, as amended, and Texas Commission on Human Rights Act Defendants, as well as for the Constitutional violations;

f.      Reinstatement of Plaintiff or front pay should the Court find reinstatement untenable;

g.     Compensatory damages from Defendant Tarrant County and Judge Casey, in his individual capacity, for violations of Title VII of the Civil Rights Act of 1964, as amended and Texas Commission on Human Rights Act, as well as for the Constitutional violations;

h.     Compensatory and punitive damages from Defendant Judge Casey, in his individual capacity, for intentional infliction of emotional distress, negligent infliction of emotional distress, and assault;

i.     Statutory Damages;

j.     Awarding such other relief, legal or equitable, as may be warranted; and

k.     Plaintiff further seeks pre- and post-judgment interest, costs of court, attorney's fees, expert fees, and litigation expenses for trial and appeal.

WHEREFORE, Plaintiff requests that upon trial of this cause, that Plaintiff has judgment as authorized by law, and Plaintiff further requests general relief.

**Dated:   August 16, 2015**

Respectfully submitted,

/s/ Andrea S. Loveless
Andrea S. Loveless, Esq.
Loveless Law Firm, LLP

Texas State Bar No. 24041889
1301 Ballinger
Fort Worth, TX 76102
(949) 679-4690
Fax (949) 666-7424
andrea@lovelesslawfirm.com

Attorney for Plaintiff