ORIG.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| MARTHA KIBLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| TARRANT COUNTY, TEXAS; | § | 4:15-CV-00626-A |
| and HONORABLE RUSS CASEY, | § | |
| TARRANT COUNTY JUSTICE | § | |
| OF THE PEACE, PCT. 3, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFF'S COMPLAINT

Subject to, and without waiving, its Motion to Dismiss, Defendant Tarrant County, Texas

("Defendant" and/or "Tarrant County"), and files its Answer and Defenses, and in support

thereof would show the following:

### ANSWER

1.      In response to Paragraph 1.1 of the Complaint, Tarrant County admits that this

action purports to arise under Title VII and Ch. 21 of the Texas Labor Code and that those

statutes prohibit discrimination, harassment and retaliation under certain circumstances. Tarrant

County further admits that this suit purports to seek redress for deprivation, under color of state

law, ordinance, regulation, and custom or usage, rights privilege and immunity secured under the

First and Fourteenth Amendments but denies that Plaintiff has been subjected to such deprivation

or that she is entitled to recovery against Tarrant County on any basis.

2.      Tarrant County admits the allegations contained in Paragraph 2.1 of the

Complaint.

3.     Tarrant County admits the allegations contained in Paragraph 2.2 of the Complaint.

4.     In response to Paragraph 2.3 of the Complaint, Tarrant County admits that Individual Defendant, Russ Casey, (hereinafter "Casey" or "Defendant") is being sued herein in his individual capacity only and that Casey is the elected Tarrant County Justice of the Peace for Precinct 3. Tarrant County denies the remaining allegations in Paragraph 2.3 of the Complaint not specifically admitted.

5.     Tarrant County admits the allegations contained in Paragraph 2.4 of the Complaint.

6.     Tarrant County admits the allegations contained in Paragraph 3.1 of the Complaint.

7.     Tarrant County admits the allegations contained in Paragraph 3.2 of the Complaint.

8.     Tarrant County denies the allegations contained in Paragraph 3.3 of the Complaint.

9.     Tarrant County admits the allegations contained in Paragraph 3.4 of the Complaint.

10.     In response to Paragraph 4.1 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

11.     In response to Paragraph 4.2 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

12.     In response to Paragraph 4.3 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

13.     Tarrant County denies the allegations contained in Paragraph 4.4 of the Complaint.

14.     In response to Paragraph 5.1 of the Complaint, Tarrant County admits that Martha Kibler works as a Court Manager for Tarrant County, Texas and that she continues to work for the County. Tarrant County denies the remaining allegations in Paragraph 5.1 of the Complaint not specifically admitted.

15.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 5.2 of the Complaint; therefore, the allegations are denied.

16.     In response to Paragraph 5.3 of the Complaint, Tarrant County admits that in or around January 2007, Kibler began working under Defendant Judge Casey, an elected Tarrant County Justice of the Peace for Precinct 3. Tarrant County denies that Judge Casey was supervised by Tarrant County and denies the remaining allegations in Paragraph 5.3 of the Complaint not specifically admitted.

17.     Tarrant County denies the allegations contained in Paragraph 5.4 of the Complaint.

18.     Tarrant County denies the allegations contained in Paragraph 5.5 of the Complaint.

19.     Tarrant County denies the allegations contained in Paragraph 5.6 of the Complaint.

20.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 5.7 of the Complaint; therefore, the allegations are denied.

21.     Tarrant County denies the allegations contained in Paragraph 5.8 of the Complaint.

22.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 5.9 of the Complaint; therefore, the allegations are denied.

23.     Tarrant County denies the allegations contained in Paragraph 5.10 of the Complaint.

24.     Tarrant County denies the allegations contained in Paragraph 5.11 of the Complaint.

25.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 5.12 of the Complaint; therefore, the allegations are denied.

26.     Tarrant County denies the allegations contained in Paragraph 5.13 of the Complaint.

27.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 5.14 of the Complaint; therefore, the allegations are denied.

28.     Tarrant County denies the allegations contained in Paragraph 5.15 of the Complaint.

29.     In response to Paragraph 5.16 of the Complaint, Tarrant County admits that Judge Casey communicated a dismissal decision to Plaintiff on August 15, 2014 but denies that Judge

Casey had the authority to make such decision or that the communicated decision even became effective. Tarrant County denies the remaining allegations not specifically admitted.

30.     In response to Paragraph 5.17 of the Complaint, Tarrant County admits that Plaintiff met with Tina Glenn to advise that Judge Casey told her that her employment was ending and that Plaintiff was placed on paid administrative leave with full pay and benefits.

31.     Tarrant County denies the allegations contained in Paragraph 5.18 of the Complaint.

32.     Tarrant County denies the allegations in Paragraph 5.19 of the Complaint.

33.     Tarrant County denies the allegations contained in Paragraph 5.20 of the Complaint.

34.     Tarrant County denies the allegations contained in Paragraph 5.21 of the Complaint.

35.     Tarrant County denies the allegations contained in Paragraph 5.22 of the Complaint.

36.     In response to Paragraph 6.1 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

37.     Tarrant County denies the allegations contained in Paragraph 6.2 of the Complaint.

38.     In response to Paragraph 6.3 of the Complaint, Tarrant County admits that Plaintiff is a member of a protected class – female. Tarrant County denies the remaining allegations in Paragraph 6.3 of the Complaint not specifically admitted.

39.     Tarrant County denies the allegations contained in Paragraph 6.4 of the Complaint.

40.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6.5 of the Complaint; therefore, the allegations are denied.

41.     Tarrant County denies the allegations contained in Paragraph 6.6 of the Complaint.

42.     Tarrant County denies the allegations contained in Paragraph 6.7 of the Complaint.

43.     Tarrant County denies the allegations contained in Paragraph 6.8 of the Complaint.

44.     In response to Paragraph 6.9 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

45.     In response to Paragraph 6.10 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

46.     Tarrant County denies the allegations contained in Paragraph 6.11 of the Complaint.

47.     Tarrant County admits that Plaintiff is a member of a protected class – female. Tarrant County denies the remaining allegations in Paragraph 6.12 of the Complaint not specifically admitted.

48.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6.13 of the Complaint; therefore, the allegations are denied.

49.     Tarrant County denies the allegations contained in Paragraph 6.14 of the Complaint.

50.     Tarrant County denies the allegations contained in Paragraph 6.15 of the Complaint.

51.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6.16 of the Complaint; therefore, the allegations are denied.

52.     Tarrant County denies the allegations contained in Paragraph 6.17 of the Complaint.

53.     Tarrant County denies the allegations contained in Paragraph 6.18 of the Complaint.

54.     Tarrant County denies the allegations contained in Paragraph 6.19 of the Complaint.

55.     Tarrant County admits that Tarrant County Human Resources placed Plaintiff Kibler on administrative leave with full pay and benefits while she was being investigated. Tarrant County denies the remaining allegations in Paragraph 6.20 of the Complaint not specifically admitted.

56.     In response to Paragraph 6.21 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

57.     In response to Paragraph 6.22 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

58.     Tarrant County denies the allegations contained in Paragraph 6.23 of the Complaint.

59.     Tarrant County denies the allegations contained in Paragraph 6.24 of the Complaint.

60.     Tarrant County denies the allegations contained in Paragraph 6.25 of the Complaint.

61.     In response to Paragraph 6.26 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

62.     In response to Paragraph 6.27 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

63.     Tarrant County denies the allegations contained in Paragraph 6.28 of the Complaint.

64.     Tarrant County admits that Plaintiff is a member of a protected class – female. Tarrant County denies the remaining allegations in Paragraph 6.29 of the Complaint not specifically admitted.

65.     Tarrant County denies the allegations contained in Paragraph 6.30 of the Complaint.

66.     Tarrant County denies the allegations contained in Paragraph 6.31 of the Complaint.

67.     Tarrant County denies the allegations contained in Paragraph 6.32 of the Complaint.

68.     Tarrant County denies the allegations contained in Paragraph 6.33 of the Complaint.

69.     In response to Paragraph 6.34 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

70. In response to Paragraph 6.35 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

71. Tarrant County denies the allegations contained in Paragraph 6.36 of the Complaint.

72. Tarrant County denies the allegations contained in Paragraph 6.37 of the Complaint.

73. Tarrant County denies the allegations contained in Paragraph 6.38 of the Complaint.

74. In response to Paragraph 6.39 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

75. In response to Paragraph 6.40 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

76. Tarrant County denies the allegations contained in Paragraph 6.41 of the Complaint.

77. Tarrant County denies the allegations contained in Paragraph 6.42 of the Complaint.

78. Tarrant County denies the allegations contained in Paragraph 6.43 of the Complaint.

79. Tarrant County denies the allegations contained in Paragraph 6.44 of the Complaint.

80. Tarrant County denies the allegations contained in Paragraph 6.45 of the Complaint.

81.     Tarrant County denies the allegations contained in Paragraph 6.46 of the Complaint.

82.     Tarrant County denies the allegations contained in Paragraph 6.47 of the Complaint.

83.     Tarrant County denies the allegations contained in Paragraph 6.48 of the Complaint.

84.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6.49 of the Complaint; therefore, the allegations are denied.

85.     In response to Paragraph 6.50 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

86.     In response to Paragraph 6.51 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

87.     Tarrant County denies the allegations contained in Paragraph 6.52 of the Complaint.

88.     Tarrant County denies the allegations contained in Paragraph 6.53 of the Complaint.

89.     Tarrant County denies the allegations contained in Paragraph 6.54 of the Complaint.

90.     Tarrant County denies the allegations contained in Paragraph 6.55 of the Complaint.

91.     Tarrant County denies the allegations contained in Paragraph 6.56 of the Complaint.

92.     Tarrant County denies the allegations contained in Paragraph 6.57 of the Complaint.

93.     Tarrant County denies the allegations contained in Paragraph 6.58 of the Complaint.

94.     Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6.59 of the Complaint; therefore, the allegations are denied.

95.     In response to Paragraph 6.60 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

96.     In response to Paragraph 6.61 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

97.     Tarrant County denies the allegations contained in Paragraph 6.62 of the Complaint.

98.     Tarrant County denies the allegations contained in Paragraph 6.63 of the Complaint.

99.     Tarrant County denies the allegations contained in Paragraph 6.64 of the Complaint.

100.    Tarrant County denies the allegations contained in Paragraph 6.65 of the Complaint.

101.    Tarrant County denies the allegations contained in Paragraph 6.66 of the Complaint.

102.    Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6.67 of the Complaint; therefore, the allegations are denied.

103.    In response to Paragraph 6.68 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

104.    In response to Paragraph 6.69 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

105.    Tarrant County is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 6.70 of the Complaint; therefore, the allegations are denied.

106.    Tarrant County denies the allegations contained in Paragraph 6.71 of the Complaint.

107.    Tarrant County denies the allegations contained in Paragraph 6.72 of the Complaint.

108.    Tarrant County denies the allegations contained in Paragraph 6.73 of the Complaint.

109.    In response to Paragraph 6.74 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

110.    In response to Paragraph 6.75 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

111.    Tarrant County denies the allegations contained in Paragraph 6.76 of the Complaint.

112.    Tarrant County denies the allegations contained in Paragraph 6.77 of the Complaint.

113.    Tarrant County denies the allegations contained in Paragraph 6.78 of the Complaint.

114.    In response to Paragraph 6.79 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

115.    In response to Paragraph 6.80 of the Complaint, Tarrant County incorporates by reference each of its responses to the paragraphs incorporated by reference by Plaintiff.

116.    Tarrant County denies the allegations contained in Paragraph 6.81 of the Complaint.

117.    Tarrant County denies the allegations contained in Paragraph 6.82 of the Complaint.

118.    In response to Paragraph 6.83 of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

119.    Tarrant County denies the allegations contained in Paragraph 7.1 of the Complaint.

120.    Tarrant County denies the allegations contained in Paragraph 8.1 of the Complaint.

121.    Tarrant County denies the allegations contained in Paragraph 8.2 (A-E) of the Complaint.

122.    Tarrant County denies the allegations contained in Paragraph 9.1 of the Complaint.

123.    In response to Paragraph 10.1 of the Complaint, Tarrant County admits that Plaintiff demands a jury trial.

124.    In response to XI. Prayer (A-K) of the Complaint, Tarrant County admits that Plaintiff seeks that identified relief but denies that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

125.    Tarrant County exercised reasonable care to prevent and correct promptly any unlawfully harassing and/or discriminatory workplace conduct allegedly experienced by Plaintiff; Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Tarrant County or to avoid harm otherwise, and thus Plaintiff's claims are barred.

126.    Plaintiff's damages are limited or capped by the applicable damages caps set forth in the Texas Labor Code, Texas Civil Practices and Remedies Code, the federal civil rights acts, other applicable federal, state or local law, or the due process requirements of the federal and state constitutions.

127.    Plaintiff's claims fail, in whole or in part, because Plaintiff failed to fully exhaust the available administrative remedies prior to filing suit and/or Plaintiff's claims exceed the scope of the administrative charge.

128.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

129.    Tarrant County asserts that it is immune from suit and liability under sovereign and/or governmental immunity.

WHEREFORE, PREMISES CONSIDERED, Tarrant County prays that Plaintiff take nothing by her suit, that Tarrant County recover costs of court without delay, and for such other and further relief, both at law and in equity, to which Tarrant County may show it is justly entitled.

Respectfully submitted,

Russell D. Cawyer
State Bar No. 00793482
Paige P. Biggs
State Bar No. 24037810
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:      (817) 332-2500
Telecopy:       (817) 878-9280
Email: russell.cawyer@kellyhart.com
Email: paige.biggs@kellyhart.com

**ATTORNEYS FOR DEFENDANT
TARRANT COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was forwarded to counsel for Plaintiff, Andrea S. Loveless, Loveless Law Firm LLP, 30 Corporate Park, Suite 314, Irvine, California 92606, and counsel for Honorable Russ Casey, Ed Walton, Law Offices of Ed Walton, 101 Metro Drive, Terrell, Texas 75160 this 19th day of October, 2015 by U. S. mail, postage prepaid.

Russell D. Cawyer