IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARTHA KIBLER, §
§
      Plaintiff, §
§
VS. § NO. 4:15-CV-626-A
§
TARRANT COUNTY, TEXAS, ET AL., §
§
      Defendants. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed in the above-captioned action by defendant[1], Tarrant County, Texas ("Tarrant County"). Plaintiff, Martha Kibler, has responded. Having considered the motion, the complaint, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Tarrant County moves to dismiss the following of plaintiff's claims[2]: Sexual Harassment and Sexually Hostile Work Environment

---

[1] Honorable Russ Casey, Tarrant County Justice of the Peace, Precinct 3 is also a defendant in this action but he did not join in the motion.

[2] Tarrant County did not move to dismiss either of plaintiff's claims based on the Texas Commission on Human Rights Act.

in violation of Title VII; Sexual Harassment, Quid Pro Quo in violation of Title VII; Retaliation in violation of Title VII; 42 U.S.C. § 1983 violation of Due Process via the Fourteenth Amendment; 42 U.S.C. § 1983 violation of Equal Protection via the Fourteenth Amendment; and 42 U.S.C. § 1983 Retaliation in violation of the First Amendment.

II.

Analysis

A. Title VII Claims

Tarrant County moves to dismiss plaintiff's Title VII claims for plaintiff's failure to exhaust administrative remedies. Doc.[3] 9 at 2. The basis of this claim is that under 42 U.S.C. § 2000e-5(f), plaintiff was required to obtain a right to sue letter from the Attorney General. Doc. 9 at 2-3. Plaintiff has obtained such a letter and it filed with her sur-reply. Doc. 18 at 2; Doc. 19 at App. 004. Thus, plaintiff has met any obligation under 42 U.S.C. § 2000e-5(f) to get a right to sue letter from the Attorney General and defendant's motion to dismiss plaintiff's Title VII claims is denied as moot.

The court notes that plaintiff was able to obtain a right to sue letter from the Attorney General following the issue of a

---

[3] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-626-A.

right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Doc. 14 at App. 004; Doc. 19 at App. 004. This is of special interest in light of the suggestion by other courts that a request for a right to sue letter from the Attorney General after obtaining a right to sue letter from the EEOC would not be granted or would be futile. See e.g. Hiller v. Oklahoma ex rel. Used Motor Vehicle & Parts Comm'n, 327 F.3d 1247, 1252 (10th Cir. 2003) ("We agree with the other courts that have noted the futility of requesting such letters when the requests are routinely denied."); Moore v. City of Charlotte, N.C., 754 F.2d 1100, 1104 n. 1 (4th Cir. 1985) (holding that plaintiff does not have to seek a right to sue letter from the Attorney General because the Attorney General usually failed to issue such letters); Enriquez v. City of Houston, No. H-08-3466, 2009 WL 385429, at * 3 (S.D. Tex. Feb. 17, 2009) (allowing a plaintiff to proceed with only a right to sue letter from the EEOC because requiring plaintiff to obtain a right to sue letter from the Attorney General would be futile).

B.  § 1983 Claims

Having reviewed the parties' filings, and the applicable legal authorities, the court concludes that Tarrant County's motion to dismiss plaintiff's § 1983 claims should be denied. If Tarrant County wishes to seek a summary disposition of these

claims, such request would be more appropriately dealt with in a motion for summary judgment.

### III.

### Order

Therefore,

The court ORDERS that Tarrant County's motion to dismiss be, and is hereby, denied.

SIGNED November 17, 2015.

_____
JOHN McBRYDE
United States District Judge